Roxanne L. Farra, OSB No. 901760
ROXANNE L. FARRA, P.C.
17 N.W. Irving Avenue
Bend, OR 97701
Tel     : (541) 385-3017
Fax     : (541) 330-1556
Email : rfarra@bendbroadband.com

       Attorney for Plaintiff Rose Dusan-Speck

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **ROSE DUSAN-SPECK**, individually and on behalf of all other persons similarly situated, | Case No. |
| Plaintiff, | |
| v. | **CLASS ACTION ALLEGATION COMPLAINT** |
| **ST. CHARLES HEALTH SYSTEM, INC.**, an Oregon corporation, doing business as **ST. CHALRES HOME HEALTH SERVICES**, | **FLSA COLLECTIVE ACTION; RULE 23 CLASS ACTION** |
| Defendant. | (FLSA; Oregon Wage and Hour Law) |
| | **JURY TRIAL DEMANDED** |

**PRELIMINARY STATEMENT**

      1.    Plaintiff Rose Dusan-Speck ("Plaintiff"), individually and on behalf of all other similarly situated Oregon employees, brings this class action complaint against Defendant St. Charles Health System, Inc., dba St. Charles Home Health Services (collectively, "SCHH").

PAGE 1 -    **CLASS ACTION ALLEGATION COMPLAINT**

Plaintiff's allegations about Plaintiff individually are based on Plaintiff's personal knowledge. All other allegations are based upon information and belief.

## PARTIES

2.　　Plaintiff is a natural person residing in Deschutes County, Oregon.

3.　　SCHH is an Oregon corporation doing business in Oregon. SCHH has its principal place of business in Bend, Oregon. At all material times, SCHH acted through its agents and employees who at all material times acted within the course and scope of their agency and employment for SCHH.

## JURISDICTION AND VENUE

4.　　This Court has subject matter jurisdiction under 29 U.S.C. §216(b) of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") and under federal question jurisdiction pursuant to 28 U.S.C. §1331.

5.　　This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

6.　　Venue is proper in this District pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

7.　　SSCH provides physical and occupational therapy and other services to patients.

8.　　SCHH is an employer subject to the FLSA and Oregon State wage and hour laws.

9.　　Plaintiff is a physical therapist, initially licensed by the State of Oregon in December 1976. Plaintiff was employed by SCHH for 35 years, from September 1976 until her involuntary termination on May 31, 2012.

10.　　SCHH employed Plaintiff and other physical therapists as Home Health Physical Therapists ("HHPTs").


/ / / / /

/ / / / /


PAGE 2 -　　**CLASS ACTION ALLEGATION COMPLAINT**

V:\My Documents\Clients\Speck, Rose\Pleadings\Complaint.wpd

11.    HHPTs provide physical therapy evaluation, plan of care, treatment, and supervision

of treatment provided by Physical Therapy Assistants ("PTAs").  Per SCHH's job description,

HHPTs are required to discharge the following duties:

a.    Comprehensive physical therapy evaluation and plan of treatment to achieve desired patient outcomes within the clinical, regulatory and financial framework(s) pertinent to Home Health;

b.    Required physical therapy reassessments (including significant change of condition, 30-day, resumption of care after interruption of home health services, recertification or discharge of home health physical therapy services);

c.    Practice of physical therapy within clinical/educational scope, including evaluation/assessment and management of patients with orthopedic and neurological pathology, as well as patients requiring wound care (within team care management with appropriate physician orders);

d.    Comprehensive assessment and management of patients referred to home health services, to include appropriate medical history, homebound status, risk of re-hospitalization, medications, safety (including fall risk) and environment, relevant system reviews, including cognition and psychosocial, cardiopulmonary, pain, nutrition, musculoskeletal (neurological, orthopedic, strength, range of motion, proprioception/sensation, edema/swelling), mobility (including transfer, balance and gait deficits and/or abnormalities), functional status/concerns, identification of equipment (including durable and adaptive medical equipment, orthotic and/or prosthetic device/appliances), and other resource needs (including the need for additional home health and other medical or community services);

e.    Examination of the patient, selection and administering of specific tests and measurements and formulation of clinical judgments regarding the patient, incorporating the same into a plan of care with specific/measurable goals relevant to patient/family/caregiver needs and desires;

f.    Clinical supervision of PTAs;

g.    Clinical supervision of Home Health Aides (HHAs) relative to delegated rehab tasks and required 14-day supervisor visits for personal care provided by HHAs (per home health regulations);

h.    Staff consultation and training and other projects as required/requested by SCHH;

i.    Community resource knowledge and referral process, including appropriate use of home health resources (e.g., Patient Care Coordinator, Scheduler, Supervisors, other home health disciplines, etc.); and

PAGE 3 -    **CLASS ACTION ALLEGATION COMPLAINT**

j.    Functioning as a member of the interdisciplinary care team to assure effective case management of patient care, including optimum clinical outcomes within the financial framework of PPS and other payment systems.

12.    SCHH offers home health services to a population of 170,000 within a 31,000 square mile service area covering three rural counties: Deschutes, Crook, and Jefferson.  HHPTs must travel by car from appointment-to-appointment, sometimes covering long distances between appointments.

13.    SCHH also requires HHPTs to attend department meetings and inservices.

14.    In addition to caring for their patients, HHPTs are further required to complete heavy amounts of charting and other documentation (in particular, that for Medicare reimbursement) for assessments, 30-day re-assessments, resumptions of care, recertification of care and discharge from SCHH.  SCHH requires that HHPTs demonstrate accurate and pertinent clinical documentation, appropriate tests and screenings to objectify the patient's clinical/functional deficits with integration of the same into an appropriate plan of care.  HHPTs must also provide appropriate patient, family and/or caregiver education in order to facilitate successful and ongoing management of patient health and safety, and identify and communicate appropriate community resources pertinent to patient, family and/or caregiver needs.

15.    SCHH classifies HHPTs as Non-Exempt for purposes of the FLSA's overtime compensation requirements.

16.    During all relevant times, SCHH assigned Plaintiff, and similarly-situated HHPTs, to a 32-hour work week; paid them by the hour, at rates between $29.03-$43.53; and required that they work a 12-hour shift.

17.    SCHH imposed a "productivity standard" on Plaintiff, and similarly-situated HHPTs, of five (5) patients per eight (8) hours worked.  SCHH places significant pressure on its Home Health Supervisor - tasked with "[e]ffective financial management" - to keep labor costs, e.g., the cost of compensating employees, very low.  HHPTs who do not meet SCHH's productivity requirement are disciplined or fired.  SCHH's "meet productivity or be fired" practice places

PAGE 4 -    **CLASS ACTION ALLEGATION COMPLAINT**

enormous pressure on HHPTs to make it appear that they were able to complete their job tasks within their assigned work week, even though they are unable, due to the number of required tasks and the large amount of paperwork, to do so.

18.    Hospitals are discharging patients to home care quicker and sicker.  HHPTs are expected to care for more patients in less time.  Beginning in October 2009, and continuing thereafter, HHPTs told SCHH that they were unable to meet SCHH's productivity requirements within their assigned work week, and were required to work additional hours to accomplish their duties; in particular, the documentation.  In meetings, HHPTs raised this issue with SCHH management.  SCHH's response was that management did not want to hear about it.  In her 2010 evaluation, Plaintiff told SCHH: "Goals are nearly impossible to meet within the time frame or unless there is poor quality of work or —, the words I won't say for the 100th time because I was threatened with dismissal."

19.    SCHH imposes additional time requirements on HHPTs who it partners with PTAs, to include a significant increase in documentation for admits, assessments, re-assessments, resumptions of care, discharges, physicians orders, and oversight of the therapy being delivered. Plaintiff's supervisor's notes of a September 9, 2009 "ride-a-long" read: "Rose voices that partnership with a 32 hour per week PTA requires considerable additional work relative to 30-day re-assessments, discharges, coordination of care and oversight/problem solving.  *I agree*." (Emphasis added.)

20.    Plaintiff, and similarly-situated HHPTs, routinely worked an average of 45-50 hours per week to complete the tasks that SCHH required of them, including 10 to 15 hours each week to complete required documentation and telephone calls to patients and physicians.  SCHH knowingly and willfully permitted and suffered HHPTs to complete their required job tasks "off the clock" without receiving their regular pay for all hours worked every day of every shift, or time and one half their regular rate of pay if such time is more than 40 hours in a workweek.  Through this

PAGE 5 -    **CLASS ACTION ALLEGATION COMPLAINT**

ROXANNE L. FARRA, P.C.
17 N.W. IRVING AVENUE
BEND, OR 97701
TEL (541) 385-3017 FAX (541) 330-1556

unlawful pay scheme, SCHH appears more profitable than it really is, and SCHH enjoys ill-gained profits at the expense of its HHPTs.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff incorporates and realleges the allegations contained in ¶¶1-20 as though fully set forth herein.

22.     Plaintiff brings the FLSA claims for unpaid regular and overtime wages, and liquidated damages, as an "opt-in" collective action pursuant to 29 U.S.C. §216(b).  The FLSA claims may be pursued by the following class, numbering approximately 20-25 persons, who opt-in to this action pursuant to 29 U.S.C. §216(b):

> All present and former Home Health Physical Therapists who were employed in Oregon by St. Charles Health System, Inc. dba St. Charles Home Health Services, who were not paid regular and/or overtime wages for each hour worked between March 1, 2010 and the present.

23.     Plaintiff brings the Oregon State unpaid overtime wages, and failure to pay wages at termination, claims as a class action pursuant to FED.R.CIV.P. 23 on behalf of herself and as the Class Representative of the following persons:

> All present and former Home Health Physical Therapists who were employed in Oregon by St. Charles Health System, Inc. dba St. Charles Home Health Services, who were not paid regular wages for each hour worked between March 1, 2007 and the present, and/or overtime wages for each hour worked between March 1, 2010 and the present.

24.     The Oregon State law claims, if certified for class wide treatment, may be pursued by all similarly-situated persons who do not request exclusion or opt-out of the class.  Class members may be notified of the pendency of this action by first-class mail.  Class members and their addresses can be ascertained from SCHH's employment and payroll records.

25.     Plaintiff's Oregon State law claims satisfy the numerosity, commonality, typicality, and adequacy and superiority requirements of a class action pursuant to FED.R.CIV.P. 23.

26.     **Numerosity**.  The class satisfies the numerosity requirement.  The class is so numerous that the joinder of all members is impracticable.  Plaintiff estimates that there are 20-25

PAGE 6 -     **CLASS ACTION ALLEGATION COMPLAINT**

ROXANNE L. FARRA, P.C.
17 N.W. IRVING AVENUE
BEND, OR 97701
TEL (541) 385-3017 FAX (541) 330-1556

V:\My Documents\Clients\Speck, Rose\Pleadings\Complaint.wpd

Class members most of whom would not likely file individuals suits because they lack adequate financial resources or access to lawyers and fear reprisal from SCHH.  The class size may increase based on the turnover rate of employees during the applicable statute of limitations.  The precise number of class members and their addresses is unknown to Plaintiff, but can be determined from SCHH's employment and payroll records.

27.    **Commonality**.  Questions of law and fact comment to the members of the Class predominate over any questions that may affect only individual members because SCHH has acted on grounds generally applicable to the entire Class.  Among the questions of law and fact common to the Class are whether SCHH maintained a policy and practice of failing to pay regular and/or overtime wages by permitting and suffering HHPTs to complete their required job tasks "off the clock" without receiving their regular pay for all hours worked every day of every shift, or time and one half their regular rate of pay if such time is more than 40 in a workweek, and whether SCHH's violation was willful.

28.    **Typicality**.  Plaintiff's claims are typical of all Class members' claims because, like all Class members, Plaintiff was not paid appropriate amounts of overtime compensation.

29.    **Adequacy**.  Plaintiff will fairly and adequately protect the interests of the class and has retained counsel that is skilled and experienced in wage and hour cases and who will vigorously prosecute the litigation.  Plaintiff has no interest that is contrary to or in conflict with the Class.

30.    **Fed.R.Civ.P. 23(b)(1)**.  A class action would avoid inconsistent or varying adjudications with respect to individual class members.  Given the number of class members, individual cases would likely lead to inconsistent adjudications.  This is an inefficient use of limited judicial resources to separately rule on the same legal issues that are present in this case for the Plaintiff.

31.    **Superiority**.  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members of the Class is impracticable.  Furthermore, as the damages suffered by individual members of the Class may be relatively small,

PAGE 7 -     **CLASS ACTION ALLEGATION COMPLAINT**

V:\My Documents\Clients\Speck, Rose\Pleadings\Complaint.wpd

the expense and burden of individual litigation make it virtually impossible for the members of the Class individually to seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## FIRST CLAIM FOR RELIEF

### (FLSA Regular and Overtime Wages; Liquidated Damages)

32.    Plaintiff incorporates and realleges the allegations contained in ¶¶1-31 as though fully set forth herein.

33.    Plaintiff, and the similarly-situated HHPTs, have been and are entitled to the rights, protections, and benefits provided under the FLSA.  The FLSA required SCHH to pay Plaintiff, and similarly situated HHPTs, for all hours worked.  29 U.S.C. §201 et seq.; 29 C.F.R. §785 et seq. SCHH violated the FLSA when it failed to pay Plaintiff, and similarly-situated HHPTs, for all hours worked by permitting or suffering these employees to work "off the clock" to complete their required job tasks, without paying Plaintiff, and similarly-situated HHPTs, for these hours at the employee's regular rate of pay, or at the rate of one and one half of their regular rate of pay for all hours worked in excess of 40 hours a week.

34.    The records detailing the dates, times and amounts of compensation due each HHPT are within the custody and control of the class members themselves and SCHH so that Plaintiff is unable to state the exact amount of compensation due and owing each plaintiff, absent such records. The records held by SCHH include, but are not limited to, SCHH's employee rosters and employment and payroll records.

35.    SCHH knew or willfully and/or recklessly disregarded that its conduct alleged herein violated the FLSA.

36.    For SCHH's violation of the FLSA, Plaintiff, and the similarly-situated HHPTs, seek their unpaid overtime wages for all hours worked in excess of 40 hours a week; liquidated damages; pre- and post-judgment interest; plus costs, expenses, disbursements, expert witness fees, and attorney fees.

PAGE 8 -    **CLASS ACTION ALLEGATION COMPLAINT**

## SECOND CLAIM FOR RELIEF

### (Oregon Regular, Overtime and Termination Wages)

37.     Plaintiff incorporates and realleges the allegations contained in ¶¶1-31 as though fully set forth herein.

38.     Plaintiff, and the similarly-situated HHPTs, have been and are entitled to the rights, protections, and benefits provided under Oregon's wage and hour laws.  Oregon's wage and hour laws required SCHH to pay Plaintiff, and similarly situated HHPTs, for all hours worked.  See ORS 653.261; OAR 839-020-0030.

39.     Work requested or required is considered work time, as is work not requested, but suffered or permitted.  OAR 839-020-0040(2).  Work performed for SCHH but away from SCHH's premises or job sites - for example, at home - is considered work time if, as here, the employer knows or has reason to believe that such work is being performed.  OAR 839-020-0040(3).  SCHH was required to exercise control and see that the work was not performed if it did not want the work to be performed.  The mere promulgation of a policy against such work is not enough.  OAR 839-020-0040(4).  SCHH not only did not exercise control to see that the work was not performed, it required the opposite.

40.     SCHH violated Oregon wage and hour laws when it failed to pay Plaintiff, and similarly-situated HHPTs, for all hours worked by permitting or suffering these employees to work "off the clock" to complete their assigned job tasks, without paying Plaintiff, and similarly-situated HHPTs, for these hours at the employee's regular rate of pay, or at the rate of one and one half of their regular rate of pay for all hours worked in excess of 40 hours a week.

41.     The records detailing the dates, times and amounts of compensation due each HHPT are within the custody and control of the class members themselves and SCHH so that Plaintiff is unable to state the exact amount of compensation due and owing each plaintiff, absent such records. The records held by SCHH include, but are not limited to, SCHH's employee rosters and employment and payroll records.

PAGE 9 -    **CLASS ACTION ALLEGATION COMPLAINT**

42.     SCHH knew or willfully and/or recklessly disregarded that its conduct alleged herein violated the Oregon wage and hour laws.

43.     SCHH's payment to Plaintiff, and the similarly-situated HHPTs, of less than the wages to which they are entitled under Oregon law entitles Plaintiff, and the similarly-situated HHPTs, to payment of the full amount of wages owing and the payment of penalty wages from SCHH pursuant to ORS 652.150 and 653.055.

44.     For SCHH's violation of Oregon wage and hour laws, Plaintiff, and the similarly-situated HHPTs, seek their unpaid regular and overtime wages for all hours worked in excess of 40 hours a week; up to 30 days each of penalty wages under ORS 652.150 and 653.055; pre-judgment and post-judgment interest, ORS 82.010; plus costs, expenses, disbursements, expert witness fees, and attorney fees.

## PRAYER FOR RELIEF

45.     **WHEREFORE**, Plaintiff on behalf of herself and all class members, prays for relief as follows:

a.      On Plaintiff's **FIRST CLAIM FOR RELIEF**, for an order by the Court certifying Plaintiff's FLSA claims as a collective action under 29 U.S.C. §216(b), and requiring SCHH to identify by name and address all members of the FLSA Plaintiff Class and to provide notice to all class members of this lawsuit and their opportunity to file Consents to Become Party Plaintiffs thereto;

b.      On Plaintiff's **FIRST CLAIM FOR RELIEF**, for all unpaid regular and overtime wages due and owing under the FLSA, plus an equal additional amount as liquidated damages;

c.      On Plaintiff's **SECOND CLAIM FOR RELIEF**, for an order certifying these claims as a class action pursuant to FED.R.CIV.P. 23, and providing for

PAGE 10 -     **CLASS ACTION ALLEGATION COMPLAINT**

notice to all class members of this action and their opportunity to opt out of the Class;

d.  On Plaintiff's **SECOND CLAIM FOR RELIEF**, for all unpaid regular and overtime wages due and owing under Oregon wage and hour laws, plus up to 30 days each of penalty wages;

e.  On each of Plaintiff's claims for relief, for pre-judgment interest at the maximum lawful amount on all monetary damages awarded;

f.  On each of Plaintiff's claims for relief, post-judgment interest;

g.  On each of Plaintiff's claims for relief, an award of costs, disbursements, litigation expenses including expert witness fees, and attorney's fees pursuant to 29 U.S.C. §216(b), ORS 652.200, as well as from an established common fund; and

h.  For such other and further relief as the Court finds just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues triable by jury.

DATED: March 1, 2013.

ROXANNE L. FARRA, P.C.


 /s/ *Roxanne L. Farra*
Roxanne L. Farra, OSB No. 901760
ROXANNE L. FARRA, P.C.
17 N.W. Irving Avenue
Bend, OR 97701
rfarra@bendbroadband.com
Tel.    (541) 385-3017
Attorney for Plaintiff Rose Dusan-Speck


PAGE 11 -   **CLASS ACTION ALLEGATION COMPLAINT**