IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROSE DUSAN-SPECK, individually
and on behalf of all other
persons similarly situated,

        Plaintiff,

   v.

ST. CHARLES HEALTH SYSTEM,
INC., an Oregon corporation,
doing business as ST. CHARLES
HOME HEALTH SERVICES,

        Defendant.

Case No. 6:13-cv-00358-AA
OPINION AND ORDER

---

Roxanne L. Farra
ROXANNE L. FARRA, P.C.
17 N.W. Irving Avenue
Bend, Oregon 97701
    Attorney for plaintiff

Daniel G. Mueller
Timothy W. Snider
Ryan G. Gibson
STOEL RIVES LLP
900 S.W. Fifth Avenue, Suite 2600
Portland, Oregon 97204
    Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Rose Dusan-Peck brings this putative collective and class action against defendant St. Charles Health System, Inc., alleging violations of the Fair Labor Standards Act (FLSA) and Oregon's wage and hour laws. Defendant moves to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, defendant's motion is denied.

## BACKGROUND

From September 1976 until her involuntary termination on May 31, 2012, plaintiff worked for defendant as a Home Health Physical Therapist (HHPT). HHPTs get paid between $29.03 and $43.53 per hour; their duties include planning and providing physical therapy evaluations, treating patients, traveling between appointments, attending meetings and inservices, supervising and assessing assistants, and completing clinical paperwork. Defendant maintains a "productivity standard" for HHPTs, requiring service of "five (5) patients per eight (8) hours worked." Compl. ¶¶ 16-17. HHPTs are disciplined or fired if they do not meet this standard.

Although defendant assigned 32-hour work weeks, plaintiff and similarly-situated HHPTs routinely worked an average of 45-50 hours per week in order to fulfill their requisite duties. In October 2009, HHPTs informed defendant that they were unable to complete their duties within their assigned work hours; plaintiff also complained that "[g]oals are nearly impossible to meet within the

Page 2 - OPINION AND ORDER

time frame or unless there is poor quality of work." Id. ¶ 18. Thereafter, defendant continued to schedule and pay plaintiff and similarly-situated HHPTs for 32-hour work weeks.

On March 1, 2013, plaintiff, on behalf of herself and similarly-situated HHPTs, filed a complaint against defendant in this Court, alleging: (1) regular and overtime wage claims under the FLSA; and (2) regular, overtime, and termination wage claims under Oregon law. On May 10, 2013, defendant filed a motion to dismiss plaintiff's complaint.

**LEGAL STANDARD**

Where plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570(2007). For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Baca, 652 F.3d 1202,

1216 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

## DISCUSSION

Defendant argues that plaintiff's complaint should be dismissed because her allegations of routine wage violations are either irrelevant or too vague to establish that it knew HHPTs were working more than 32 hours per week without compensation. Further, defendant asserts that plaintiff's allegations pertaining to her putative collective or class action fail because they merely recite boilerplate language without factual support.

I. FLSA/Oregon Wage and Hour Claims

Under both the FLSA and Oregon law, employers are required to compensate employees for all hours of "work time." Alvarez v. IBP, Inc., 339 F.3d 894, 902 (9th Cir. 2003); see also 29 U.S.C. §§ 206, 207, 216; Or. Rev. Stat. §§ 652.150, 653.055. "[W]ork not requested but suffered or permitted by the employer is considered work time." 29 C.F.R. § 785.11; Or. Admin. R. 839-020-0040(2). If an employer does not want work performed, then it is responsible for ensuring that such work is not performed; it cannot sit back and accept the benefits of an employee's "work time" without providing compensation. 29 C.F.R. § 785.13; Or. Admin. R. 839-020-0040(4). Further, the employer must generally pay overtime hourly rates equal to one-and-a-half times the regular rate[1] of pay to any

---

[1] "If an employee is employed solely on the basis of a single hourly rate, the hourly rate is the 'regular rate.'" 29 C.F.R. § 778.110; see also Or. Admin. R. 839-020-0030(2)(b).

Page 4 - OPINION AND ORDER

employee who works more than forty hours per week. 29 U.S.C. § 207; Or. Rev. Stat. § 653.261; Or. Admin. R. 839-020-0030.

A violation of the FLSA is willful if the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited." Chao v. A-1 Med. Servs., Inc., 346 F.3d 908, 918 (9th Cir. 2003) (citation and internal quotations omitted). A violation of Oregon wage law is willful if "the person knows what he is doing, intends to do what he is doing, and is a free agent." State ex rel. Nilsen v. Johnston, 233 Or. 103, 108, 377 P.2d 331 (1962); see also Weir v. Joly, 2011 WL 6778764, *8 (D. Or. Dec. 23, 2011). If an employer willfully fails to compensate an employee for "work time," the employer can be liable for liquidated damages and penalty wages. 29 U.S.C. § 216; Or. Rev. Stat. §§ 652.150, 653.055.

Thus, in order to state a claim under both the FLSA and Oregon law for unpaid wages or overtime, the plaintiff must allege that an employer knowingly allowed or required him or her to work uncompensated hours. See Forrester v. Roth's I.G.A. Foodliner, Inc., 646 F.2d 413, 414 (9th Cir. 1981) (discussing the FLSA); Leonard v. Arrow-Tualatin, Inc., 76 Or. App. 120, 123-24, 708 P.2d 630 (1985) (discussing Oregon's wage laws); see also Def.'s Mem. in Supp. of Mot. Dismiss 4-5. Putative class or collective actions, however, "require somewhat more generalized pleadings." Gessele v. Jack in the Box, Inc., 2011 WL 1357437, *4 (D. Or. Jan. 31), adopted by 2011 WL 1357356 (D. Or. Apr 11, 2011) (discussing the

Page 5 - OPINION AND ORDER

pleading requirements for FLSA and Oregon wage claims in the context of a putative class action); see also Hellenberg v. Integrated Deicing Servs., LLC, 2011 WL 317733,*2-3 (E.D. Mich. Feb. 1, 2011) (a plaintiff, acting on behalf of those similarly situated, can adequately state a claim for unpaid wages without "definite and exact" knowledge of the hours and wages in controversy).

Here, plaintiff alleges she worked for defendant as a HHPT from September 1976 through May 2012. See Compl. ¶ 9. Plaintiff also alleges that she and similarly-situated HHPTs were scheduled for 32-hour work weeks at a pay rate of $29.03 to $43.53 per hour, but routinely worked 45-50 hours per week in order to fulfill their job responsibilities; as a result, plaintiff and similarly-situated HHPTs did not receive compensation for all hours worked. Id. ¶¶ 16-20. In addition, plaintiff asserts that, beginning in October 2009, HHPTs repeatedly informed defendant that they "were required to work additional hours to accomplish their duties," yet defendant continued to permit plaintiff and similarly-situated HHPTs to work beyond their scheduled hours without remuneration. Id. ¶¶ 18-20. In sum, plaintiff alleges that, since October 2009, defendant knowingly violated the FLSA and Oregon law by willfully failing to pay plaintiff and similarly-situated HHPTs for the additional thirteen to eighteen hours per week they worked in order to complete the requirements of their position. See id. ¶ 20

Page 6 - OPINION AND ORDER

(defendant "knowingly and willfully permitted and suffered HHPTS to complete their required job tasks 'off the clock' without receiving regular pay for all hours worked every day of every shift, or time and one half their regular rate of pay if such time is more than 40 hours in a workweek").

Contrary to defendant's assertion, the substantive merits of plaintiff's claims are immaterial at this state in the proceedings. See, e.g., Def.'s Mem. in Supp. of Mot. Dismiss at 9, n.1 (arguing that some of plaintiff's "factual assertions are not even true"); Def.'s Reply to Mot. Dismiss at 10 (same); see also Rosen, 719 F.2d at 1424. Rather, construing the complaint in favor of plaintiff and taking its allegations as true, plaintiff states claims under the FLSA and Oregon law. See Gessele, 2011 WL 1357437 at *4 (the plaintiff must allege "when their employment began, how long it lasted, what hourly wage they were paid, [and] estimate how many hours they worked for which they were not compensated"); see also Sturm v. CB Transp., Inc., 2012 WL 2505289,*2 (D. Idaho June 28, 2012); Cornier v. Paul Tulacz, DVM PC, 176 Or. App. 245, 249-51, 30 P.3d 1210 (2001). In other words, the Court finds that plaintiff's complaint contains well-pleaded factual allegations in support of its legal conclusion that defendant knowingly violated the FLSA and Oregon law. The fact that plaintiff did not plead the exact number of uncompensated hours worked by putative class members does not defeat her claims at this stage in the proceedings. See Gessele,

2011 WL 1357437 at *4; <u>Hellenberg</u>, 2011 WL 317733 at *2. Therefore, defendant's motion is denied in this regard.

II. <u>Collective and Class Action Allegations</u>

The FLSA allows for a "collective action," wherein "one or more employees for and in behalf of himself or themselves and other employees similarly situated" may pursue a claim jointly. 29 U.S.C. § 216(b). "[T]he 'similarly situated' standard under Section 216(b) is less stringent than the requirement[s] under Fed. R. Civ. P. 23." <u>Ballaris v. Wacker Silttronic Corp.</u>, 2001 WL 1335809, *2 (D. Or. Aug. 24, 2001); <u>Thiebes v. Wal-Mart Stores, Inc.</u>, 1999 WL 1081357, *2 (D. Or. Dec. 1, 1999). Rather, under the FLSA, "[i]ndividuals are similarly situated when they have similar jobs and display similar conduct." <u>Vasquez v. Cnty. of L.A.</u>, 349 F.3d 634, 641 (9th Cir. 2004).

Employees can also bring an opt-out class action for Oregon wage violations. A class action may proceed if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class [and] the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed. R. Civ. P. 23.

Here, defendant's argument in favor of dismissal fails to

Page 8 - OPINION AND ORDER

account for plaintiff's incorporation of detailed pleadings throughout the complaint. Compl. ¶ 21 ("incorporat[ing] and realleg[ing] the allegations contained in ¶¶ 1-20 as though fully set forth herein"). Defendant also ignores the additional facts relating to numerosity, commonality, typicality, and adequate representation that plaintiff included in her "Class Action Allegations" section.[2] See id. ¶¶ 25-29.

Specifically, plaintiff "estimates that there are 20-25 Class members," if not more, "most of whom would not likely file individual suits because they lack adequate financial resources or access to lawyers and fear reprisal from [defendant]." Id. ¶ 26. Plaintiff further identifies several common questions of law and fact relating to HHPTs and defendant's employment practices. See id. ¶ 27; see also id. ¶¶ 11-20. Plaintiff also asserts that her claims "are typical of all Class members' claims because, like all Class members, Plaintiff was not paid appropriate amounts." Id. ¶ 28. Moreover, plaintiff contends that the adequate representation

---

[2] Because defendant does not address the elements of a collective or class action in its briefs, instead arguing broadly that plaintiff's allegations are "too generalized and vague to support class claims," it is unclear exactly which aspect of plaintiff's complaint is allegedly deficient. Def.'s Mem. in Supp. of Mot. Dismiss at 8; see also Def.'s Reply to Mot. Dismiss at 10. In any event, for the reasons discussed, the Court finds that the complaint provides sufficient notice about the nature and details of plaintiff's claims and grounds for relief, such that defendant has a fair opportunity to defend against this action. In addition, defendant can raise any arguments about the substantive merits of the putative class if and when plaintiff formally moves for certification.

Page 9 - OPINION AND ORDER

requirement is met because she was a HHPT herself and she has no interests that conflict with those of the other putative class members. <u>Id.</u> ¶ 29. Finally, plaintiff alleges that a "class action is a superior to all other available methods for fair and efficient adjudication of this controversy" because it would "avoid inconsistent or varying adjudications with respect to individual class members" and "joinder of the Class is impracticable." <u>Id.</u> ¶¶ 30-31.

These allegations are sufficient to fulfill the numerosity, commonality, typicality, and adequate representation elements of a class action, and the "similarly situated" requirement of a collective action. Therefore, defendant's motion is denied.

## CONCLUSION

Defendant's motion to dismiss (doc. 7) is DENIED. As such, defendant's request for oral argument is DENIED as unnecessary. IT IS SO ORDERED.

Dated this 9th of August, 2013.

_____
Ann Aiken
United States District Judge

Page 10 - OPINION AND ORDER