Brenda K. Baumgart, OSB No. 992160
brenda.baumgart@stoel.com
Timothy W. Snider, OSB No. 034577
tim.snider@stoel.com
Ryan S. Gibson, OSB No. 073873
ryan.gibson@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| ROSE DUSAN-SPECK, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ST. CHARLES HEALTH SYSTEM, INC., an Oregon corporation doing business as St. Charles Home Health Services,<br><br>Defendant. | Case No.: 6:13-cv-00358-AA<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**<br><br><u>CLASS ACTION ALLEGATION</u> |

WHEREAS, on November 13, 2015, this Court entered its Order Granting Plaintiff's Unopposed Motion for Certification and Preliminary Approval of Class and Collective Action Settlement (Dkt. No. 57) (the "Preliminary Approval Order"); and

WHEREAS, individual notice complying with Fed. R. Civ. P. 23 was sent to the last-known address on file with Defendant for each member of the Settlement Class, and where

follow-up procedures outlined in the Settlement Agreement and approved by the Preliminary Approval Order have been completed; and

WHEREAS, a fairness hearing on final approval of the settlement was held before the Court on March 23, 2016; and

WHEREAS, the Court, being advised, finds that good cause exists for entry of the below Order; now, therefore,

IT IS HEREBY FOUND, ORDERED, ADJUDGED AND DECREED THAT:

1. Unless otherwise provided herein, all capitalized terms in this order shall have the same meaning as set forth in the Settlement Agreement, attached as Exhibit 1 to the Declaration of Roxanne L. Farra in Support of Plaintiffs' Unopposed Motion for Class Certification and Preliminary Approval of Class Settlement (Dkt. No. 55).

2. The Court finds that notice to the Settlement Class has been completed in conformity with the Preliminary Approval Order. The Court finds that this notice was the best notice practicable under the circumstances, that it provided due and adequate notice of the proceedings and of the matters set forth herein, and that it fully satisfied all applicable requirements of law and Due Process.

3. Pursuant to Fed. R. Civ. P. 23(b)(3), the Court certifies for settlement purposes only the Settlement Class identified in the Settlement Agreement and Settlement Formula, which by agreement of the parties consists of the sixty (60) specifically identified current and former employees of St. Charles' Home Health Department who worked in the Covered Positions of Physical Therapist, Physical Therapist Assistant, and Occupational Therapist at any time in the period between March 1, 2007 and November 13, 2015. Pursuant to 29 U.S.C. § 216(b), the Court also conditionally certifies this Class as a collective action for settlement purposes only.

4. In connection with these certifications and for settlement purposes only, the Court makes the following findings:

    a. The Settlement Class is so numerous that joinder of all members is impracticable;

    b. There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this settlement should be approved;

    c. Plaintiffs' claims appear to be typical of the claims being resolved through the proposed settlement;

    d. Plaintiffs appear to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement;

    e. For purposes of determining whether the settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

    f. For purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class Members.

5. The Court has appointed Rose Dusan-Speck ("Dusan-Speck") and Cheryl Turner ("Turner") as representatives of the Settlement Class.

6. The Court has appointed Roxanne Farra, Roxanne L. Farra, P.C., and Kyle Busse of Busse & Hunt, as Class Counsel for the Settlement Class.

7. No objections to the Settlement have been lodged.

Page 3 -   ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

80009831.2 0034080-00019

8.      The terms set forth in the Settlement are approved as being fair, adequate, and reasonable in light of the degree of recovery obtained in relation to the risks faced by the Settlement Class in litigating the claims. The Settlement Class is properly certified as part of this settlement. The relief provided to the Settlement Class under the Settlement Agreement is appropriate as to the individual members of the Settlement Class and as a whole.

9.      The Court approves the payment of $237,500.00 in attorney's fees, or 25% of the common fund, to Class Counsel as fair and reasonable. The Court further approves payment to Class Counsel of $8,499.99 in reimbursed litigation costs, as fair, reasonable, and necessarily incurred in the prosecution of this lawsuit. Defendant shall pay the $245,999.99 to Class Counsel no later than thirty (30) days after the Effective Date of the Settlement Agreement, by delivering payment via certified mail, return receipt, to Roxanne L. Farra, P.C., P.O. Box 5217, Bend, Oregon 97708-5217 or in person or via overnight mail to Roxanne L. Farra, P.C., 61110 Ropp Lane, Bend, Oregon 97702.

10.     The Court approves the incentive payments of $10,000.00 each to Plaintiffs Dusan-Speck and Turner. These awards reasonably compensate Plaintiffs for their time and effort in stepping forward to serve as proposed class representatives, assisting in the investigation, keeping abreast of the litigation, responding to discovery, and participating in the settlement process. Defendant shall pay the $10,000.00 each to Speck and Turner no later than thirty (30) days after the Effective Date of the Settlement Agreement, by delivering said payments via certified mail, return receipt, to Roxanne L. Farra, P.C. P.O. Box 5217, Bend, Oregon 97708-5217 or in person or via overnight mail to Roxanne L. Farra, P.C., 61110 Ropp Lane, Bend, Oregon 97702.

Page 4 -   ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION
           FOR CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS AND
           COLLECTIVE ACTION SETTLEMENT

80009831.2 0034080-00019

11.  One (1) Settlement Class Member timely and properly opted out of the Settlement. This Class Member's name appears with "Exclusion" stated under the member's "Status" on the "Opt-in/Opt-Out Report" compiled by the Third-Party Administrator, Epiq Systems, Inc. ("Epiq"), submitted to this Court for in camera inspection and filing under seal, per the Settlement. The Settlement Agreement, to include the release of claims contained therein, are of no force or effect as to this Class Member.

12.  One (1) Settlement Class Member failed to respond to the class notice. This Class Member's name appears with "No Response" stated under the member's "Status" on the Opt-in/Opt-Out Report" compiled by the Third-Party Administrator, Epiq, submitted to this Court for in camera inspection and filing under seal, per the Settlement. The Settlement Agreement, and the release of claims contained therein, shall have full force and effect as to this Class Member.

13.  Fifty-eight (58) Settlement Class Members timely returned their Settlement Response Form to Epiq, opting in to the Settlement. The Settlement Agreement, and the release of claims contained therein, shall have full force and effect as to these Class Members. Each of these Class Members shall be entitled to receive the Settlement Payment reserved for him or her in the Settlement Agreement, and specified on the Settlement Formula submitted to this Court on October 23, 2015 for in camera inspection and filing under seal. Checks for the Settlement Payments shall be mailed by Epiq to each Qualified Claimant no later than 90 days after final approval of the Settlement, at the address provided on the claimant's returned Settlement Response Form. In the event that any check for a Settlement Payment has not been deposited within 120 calendar days from the date on which it is mailed, the check will be cancelled and the Qualified Claimant shall have no right to further recovery. A check shall be reissued if Epiq receives such a request from a Qualified Claimant prior to the expiration of 120 days after the

check is mailed. Epiq shall promptly refund to St. Charles any Settlement Payments remaining from checks that are not negotiated within 120 days of mailing, plus any extension thereof caused by a timely request to reissue.

14. Defendant shall pay the notice and claims administration expenses of the Third-Party Administrator, Epiq. Plaintiffs shall have no financial responsibility for paying said amounts.

15. Neither this Order nor any aspect of the Settlement Agreement is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. Defendant specifically denies any liability. Each of the Parties to the Settlement entered into the Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

IT IS SO ORDERED.

DATED this 23 day of March, 2016.

_____
Honorable Anne Aiken
Chief District Judge
U.S. District Court, District of Oregon